UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SAMANTHA COLLINS** | **CASE NO. 2:25-cv-00251** |
| **VERSUS** | **JUDGE JAMES D CAIN, JR** |
| **CLEAR SPRING & CASUALTY CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the court is an *Ex Parte Motion to File Exhibit Under Seal*. Doc. 2. For the reasons that follow, the motion is **DENIED** and it is **HEREBY ORDERED** that the exhibit [doc. 2, att. 2] be and hereby is **STRICKEN** from the record.

This matter arises from a motor vehicle accident. In her state court petition, Plaintiff Samantha Collins alleges that she was injured when a tractor trailer operated by Demarco Howard collided with the rear of her vehicle. Doc. 1, att. 4. Plaintiff alleges that her resulting physical damages include "severe injuries to her body as a whole, including her neck, back, shoulders, knee, extremities, and headaches." She also alleges past, present, and future pain and suffering and disability. Doc . 1, att. 4, pp. 4–5.

Defendants, D. Howard Trucking, LLC and Demarco Howard removed the action. Doc. 1. In connection with the Notice of Removal, Defendants seek to file approximately 130 pages of Plaintiff's redacted medical records under seal. Doc. 2. Defendants assert that these documents are "necessary to support their Notice of Removal" and seek to file them under seal to protect Plaintiff's "confidential, protected personal information." *Id.* The Notice of Removal references the medical records *in globo* as support for the general proposition that the amount in controversy exceeds the jurisdictional threshold of $75,000 and the specific propositions that Plaintiff's

treatment is ongoing, her medical bills as of the removal total approximately $30,000, and she is a candidate for a total knee arthroplasty and rotator cuff arthroscopy. Doc. 1, pp. 4–6. Plaintiff has not moved to remand, and she does not challenge Defendant's factual assertions as to her medical prognosis at this time.

Sealing judicial records is generally disfavored. The public enjoys presumptive access to documents filed on the Court's docket. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). The Court has a "solemn duty to promote judicial transparency" by undertaking "a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id*. at 419–20 (internal quotation marks and additional citations omitted). The United States Fifth Circuit recently summarized the law respecting sealing court records in this circuit:

> The public has a common law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). "Judicial records are public records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). Public access serves important interests in transparency and the "trustworthiness of the judicial process." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019)). Sealing judicial records is therefore "heavily disfavor[ed]." *Id.*
>
> This right of access, however, is "not absolute." *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files," *id.*, and, when appropriate, courts may order that case documents be filed under seal, Fed. R. Civ. P. 5.2(d). To determine whether a judicial record should be sealed, the court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Le*, 990 F.3d at 419 (internal quotations omitted). Because of the court's duty to protect the public's right of access, the district court must balance these interests even if the parties agree to seal records. *See, e.g., BP Expl. & Prod.*, 920 F.3d at 211–12 ("[P]rivate litigants should not be able to contract [the public right of access] away.... [I]t is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access."). Sealing documents should be the exception, not the rule. *Le*, 990 F.3d at 418.
>
> [ . . . ]

> That said, public information cannot be sealed. *June Med. Servs.*, 22 F.4th at 520. And the district court must also consider whether alternative measures, such as redaction or pseudonymity, would instead sufficiently protect the privacy interests at issue. *See, e.g., United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (noting that redaction is often, but not always, "practicable and appropriate as the least restrictive means of safeguarding sensitive information").

*Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *2–3 (5th Cir. Mar. 7, 2024)(footnotes omitted).

"Courts routinely find that the personal interest in keeping medical records private outweighs the public's interest in viewing those records." *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 504 (E.D. Tex. 2022). However, neither the fact a motion to seal is unopposed nor the fact the information at issue is "confidential" is dispositive or alone sufficient to warrant an order placing the documents under seal. *See Sealed Appellant*, 2024 WL 980494 at *2 (citing *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211-12 (5th Cir. 2019)); *see also Wash World Inc. v. Belanger Inc.*, 666 F. Supp. 3d 808, 833 (E.D. Wis. 2023), *appeal dismissed*, No. 2023-1841, 2023 WL 5955228 (Fed. Cir. Sept. 13, 2023) ("Neither bare assertions of confidentiality nor the agreement of the parties is sufficient to establish the good cause necessary to warrant restricting documents from the public."). Instead, "[t]he secrecy of judicial records, *including stipulated secrecy*, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021) (emphasis added).

The jurisdictional facts, including the amount in controversy, are not contested at this time. It may be more appropriate to strike an exhibit containing sensitive information from the record when the decision to seal the exhibit is premature or the exhibit was not "utilized in any meaningful way towards securing the relief requested." *Bridges v. Freese*, No. 3:13-CV-457-TSL-JCG, 2014

WL 4545948, at *5 (S.D. Miss. Sept. 11, 2014) (striking instead of sealing a 600-page exhibit containing privileged information attached in support of a motion for extension).

The Notice of Removal alleges sufficient facts to support the assertion that the amount in controversy exceeds $75,000. Because the factual allegations of the Notice of Removal are uncontested, the Court treats them as true. *Rencher v. Kansas City S. R. Co.*, No. 1:10CV180-SA-DAS, 2012 WL 1906302, at *1 (N.D. Miss. May 25, 2012) ("Because Plaintiff never rebutted this assertion nor filed a motion to remand, the court must take the facts alleged by the Defendant in the Notice of Removal as true.").[1] There is therefore no need for the court to examine the medical records to confirm subject matter jurisdiction. "Under the circumstances, the Court finds that there is a more reasonable course than permanently sealing a voluminous exhibit that serves no genuine purpose in the record at this time." *Bridges*, 2014 WL 4545948, at *5.

Accordingly, the motion to seal will be denied; however, the exhibit in question will be stricken from the record. If the parties wish to use these documents as exhibits to future pleadings, a motion to seal may be made at that time, with due regard for the court's "solemn duty" to balance personal privacy interests against the public's right of access, via case-by-case, line-by-line consideration of the same.

**SO ORDERED** at Lake Charles, Louisiana, this 26th day of September, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] This is not to say that an uncontested notice of removal will always provide sufficient support for the court's exercise of subject matter jurisdiction. *See Wright Fam. Invs., LLC v. Jordan Carriers, Inc.*, No. 12-CV-0826, 2012 WL 2457664, at *4 (W.D. La. June 25, 2012) ("There must be allegations of fact or other evidence in the record to support a determination of whether the amount in controversy requirement is met. Mere silence or inaction by the plaintiff, without facts to suggest the requisite amount in controversy, cannot satisfy the defendant's burden.").