**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **SAMANTHA COLLINS** | **CASE NO. 2:25-CV-00251** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CLEAR SPRING & CASUALTY CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 52] filed by plaintiff Samantha Collins. Defendants oppose the motion. Doc. 60.

## I. BACKGROUND

This suit arises from a motor vehicle accident that occurred on March 26, 2024, on LA Highway 6063 in Calcasieu Parish, Louisiana. On that date, plaintiff alleges, she was a passenger in a vehicle that was rear-ended by a Peterbilt tractor driven by DeMarco Howard, who was driving in the course and scope of his employment with D. Howard Trucking, LLC. Doc. 1, att. 4, ¶¶ 3–8, 19–20. Plaintiff filed suit in state court against Mr. Howard, the company, and their insurer, Clear Spring & Casualty Co., in state court, raising claims of negligence. *Id.* at ¶¶ 21–25. Defendants removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. The matter is set for jury trial before the undersigned on September 21, 2026. Doc. 20.

Plaintiff now brings this motion in limine, seeking to exclude evidence, argument, or testimony (1) suggesting that the vehicle she was in “cut off” or “brake-checked” the

defendant vehicle or (2) regarding alleged derogatory language or aggressive behavior used by plaintiff after the accident. Doc. 52, att. 1. Defendants oppose the motion. Doc. 60.

## II.
## Law & Application

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge

. . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

**B. Application**

Plaintiff argues that any testimony regarding the behavior of her vehicle is irrelevant because the record establishes that both vehicles were stopped in bumper-to-bumper traffic before Mr. Howard lost control of his vehicle and rear-ended the plaintiff vehicle. She also requests that the court exclude any testimony or reference to alleged derogatory comments made by her after the accident, which she denies. But defendant DeMarco Howard testified:

> I jammed on my brakes to keep from hitting them, right? I blew my horn. I guess that pissed them off, right? So when I blew my horn to let them know, hey, that's whatever, you know what I mean, so we were literally going on the exit, that's this highway [. . .] they kept brake-checking me, right, literally brake-checking me. They would go a little bit and they'll stop, jam on their brakes trying to make me hit them.
>
> Well, the last time when the impact—when I actually hit them, and not on purpose, I was grabbing for my phone to start recording them, right, and my phone dropped, and when I dropped my phone, my feet came off the clutch. We were [. . .] already at a complete stop, right, so when I went to grab my phone to start recording them, I dropped my phone. And when I dropped my phone, my feet slipped off my clutch and it just rolled into [. . .] to Danny Walters and Samantha Collins. It was not a hard impact. It just literally rolled into them.

Doc. 52, att. 2, pp. 18–19. Based on Mr. Howard's testimony, the driver of the plaintiff vehicle may bear some fault for the accident. The behavior of the plaintiff vehicle before the accident is therefore highly relevant and admissible.

As for plaintiff's post-accident behavior, defendants do not allege that she made any admissions of fault after the accident. Instead, Mr. Howard testified:

> **A.** They [were] the ones who hopped out being disrespectful.
> **Q.** When you say disrespectful, what do you mean?

> **A.** Calling me n----rs, asking me why I hit them, boy, calling me MFs, called me n----r a couple of times. I apologized, said, “Sir, ma’am, I’m sorry.” She was more [. . .] of the aggressor and the more she was aggressive, the more he came towards me.
> **Q.** Did they say any other things or make any other comments?
> **A.** Yeah. It was bad, man. It was bad, and I took a lot that day.
> **Q.** What other things—well, look, I don’t want to have to talk about that but we have to get everything out on the table to know what was said. I wouldn’t [be] doing my job if I didn’t ask. So when you say there were other things that they said, what other things did they say?
> **A.** The man threatened to whip my black [. . .] ass. [. . .] I was called n----r three or four times, basically making it look like I tried to do that after they—I’m the victim here, to be honest with you. I tried to avoid hitting them, you know what I mean, a couple of times trying to save everybody.

*Id.* at 32–33. Plaintiff’s alleged remarks are highly inflammatory and have no bearing on the apportionment of fault. Their risk of undue prejudice greatly outweighs their probative value. The motion will be denied as to the driving behavior of the plaintiff vehicle and granted as to any post-accident remarks by plaintiff or her companion.

## III.
## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 52] be **DENIED IN PART** and **GRANTED IN PART.**

**THUS DONE AND SIGNED** in Chambers on the 12th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**