**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **SAMANTHA COLLINS** | **CASE NO. 2:25-CV-00251** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CLEAR SPRING & CASUALTY CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the court is a *Daubert* Motion filed by defendants Clear Spring & Casualty Company, D. Howard Trucking LLC, and DeMarco Howard, seeking to exclude or limit the testimony of plaintiff's economist Dr. Daniel Groft. Doc. 44. Plaintiff Samantha Collins opposes the motion. Doc. 64.

## I.
## BACKGROUND

This suit arises from a motor vehicle accident that occurred on March 26, 2024, on LA Highway 6063 in Calcasieu Parish, Louisiana. On that date, plaintiff alleges, she was a passenger in a vehicle that was rear-ended by a Peterbilt tractor driven by DeMarco Howard, who was driving in the course and scope of his employment with D. Howard Trucking, LLC. Doc. 1, att. 4, ¶¶ 3–8, 19–20. Plaintiff filed suit in state court against Mr. Howard, the company, and their insurer, Clear Spring & Casualty Co., in state court, raising claims of negligence. *Id.* at ¶¶ 21–25. Defendants removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. The matter is set for jury trial before the undersigned on September 21, 2026. Doc. 20.

Plaintiff has disclosed Dr. Daniel Groft as her expert economist and provided his report. Defendants now seek to exclude or limit Dr. Groft's testimony under Federal Rule of Evidence 702 and the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Doc. 44. Specifically, they assert that Dr. Groft makes unfounded assumptions as to plaintiff's future medical care by relying on Dr. Aaron Wolfson's life care plan and that he uses an unsound methodology in calculating the cost of her future care. Plaintiff opposes the motion. Doc. 64.

## II.
## LAW & APPLICATION

### A. Legal Standard

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert*, 509 U.S. at 589. This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[1] The proponent of the expert testimony

[1] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981 at *3 (quoting *Daubert*, 509 U.S. at 596).

**B. Application**

Defendants first challenge Dr. Groft for improperly relying on the future medical care recommendations in Dr. Wolfson's life care plan, which in turn purportedly relied on the recommendations of plaintiff's treating medical providers. The court has denied defendants' *Daubert* challenge to Dr. Wolfson on this basis. The challenge to Dr. Groft is likewise unfounded. Because defendants have not shown a basis for challenging the purported recommendations of these treating providers, much less that those reported by Dr. Wolfson differ from the opinions of the providers, they cannot challenge the downstream opinions of the life care planner and economist.

As for Dr. Groft's own opinions, defendants maintain that his inflation and discount rate methodology are unreliable. Specifically, they challenge his use of different inflation rates for different projected medical expenses and a 4.9 percent discount rate based on an average of the current 20-year and 30-year U.S. Treasury bond rates. On the first point, plaintiff notes that the Bureau of Labor Statistics publishes separate Consumer Price Index series for physicians' services, services by other professionals, prescription drugs, and outpatient hospital services. Because those series have diverged, Dr. Groft believes it is more accurate to match each projected cost to the published series rather than to apply one averaged rate to all future costs. Doc. 45, att. 3, pp. 1–2.

As to the discount rate, Dr. Groft's rate is based on the current twenty- and thirty-year U.S. Treasury bond rates to discount costs for plaintiff's future medical costs over the next 25.6 years, her life expectancy from the date of trial based on Dr. Wolfson's life care plan. The resulting discount rate is 4.9 percent. *Id.* Defendants fail to show a basis for the court to second-guess this methodology. To the extent that their own expert will call it into question, defendants must rely on "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596.

## III.
## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the *Daubert* Motion [doc. 44] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**