**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **SAMANTHA COLLINS** | **CASE NO. 2:25-CV-00251** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CLEAR SPRING & CASUALTY CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the court is a *Daubert* Motion filed by defendants Clear Spring & Casualty Company, D. Howard Trucking LLC, and DeMarco Howard, seeking to exclude or limit the testimony of plaintiff's life care planner Dr. Aaron Wolfson. Doc. 48. Plaintiff Samantha Collins opposes the motion. Doc. 63.

## I. BACKGROUND

This suit arises from a motor vehicle accident that occurred on March 26, 2024, on LA Highway 6063 in Calcasieu Parish, Louisiana. On that date, plaintiff alleges, she was a passenger in a vehicle that was rear-ended by a Peterbilt tractor driven by DeMarco Howard, who was driving in the course and scope of his employment with D. Howard Trucking, LLC. Doc. 1, att. 4, ¶¶ 3–8, 19–20. Plaintiff filed suit in state court against Mr. Howard, the company, and their insurer, Clear Spring & Casualty Co., in state court, raising claims of negligence. *Id.* at ¶¶ 21–25. Defendants removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. The matter is set for jury trial before the undersigned on September 21, 2026. Doc. 20.

Plaintiff has disclosed Dr. Aaron Wolfson as an expert in life care planning and provided his report. *See* doc. 49, att. 4. Defendants now seek to exclude or limit Dr. Wolfson's testimony under Federal Rule of Evidence 702 and the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Doc. 48. Specifically, they assert that Dr. Wolfson's life care plan is built on unfounded assumptions and speculation, and does not meaningfully address the findings of Dr. Seth Rosenzweig's IME. *Id.* Plaintiff opposes the motion. Doc. 63.

## II.
## LAW & APPLICATION

### A. Legal Standard

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert*, 509 U.S. at 589. This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[1] The proponent of the expert testimony

[1] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981 at *3 (quoting *Daubert*, 509 U.S. at 596).

**B. Application**

Defendants do not challenge Dr. Wolfson's qualifications as a life care planner. Instead, they complain that he relied on the treatment recommendations of plaintiff's treating physicians, Dr. Gassan Chaiban and Dr. Paul Fenn, made his own assumptions based on those recommendations, and did not consider the opinions of defense IME provider, Dr. Seth Rosenzweig. As this court has previously determined, Dr. Wolfson's methodology—including clinical interviews with plaintiff, review of her medical records, and consultation with **treating** providers—passes muster under *Daubert*. *Richard v. DG La., LLC*, 2023 WL 8418043, at *2 (W.D. La. May 9, 2023). Further, because Dr. Wolfson is not a medical expert himself, it is appropriate for him to consult with plaintiff's treating

providers and incorporate their opinions regarding future medical care. *Id.* (citing *Smith v. DG La., LLC*, 499 F.Supp.3d 280, 286–87 (M.D. La. 2020)). Dr. Wolfson is not qualified to second-guess these recommendations. Similarly, there is no requirement that he seek out other opinions in attempting to determine the best course of treatment. The fact that Dr. Wolfson's opinion is based on facts disputed by defendants does not provide sufficient basis to limit his testimony. "It is well settled that [c]ourts should not interfere with the adversary process in questions relating to the sources of an expert's opinion." *Murray v. McKee*, 2023 WL 5950129, at *3 (E.D. La. Jul. 21, 2023).

Defendants allege that Dr. Wolfson has made his own assumptions in projecting decades of repeat epidural steroid injections (ESI's) and a knee arthroplasty revision in fifteen years for plaintiff. But Dr. Wolfson identifies Dr. Chaiban and Dr. Fenn as the source of his recommendations. These providers were not required to provide a written report under Rule 26(a)(2)(C). Defendants point to no deposition testimony contradicting Dr. Wolfson's recommendations. Accordingly, they provide no basis for excluding or limiting Dr. Wolfson's testimony. If Dr. Chaiban or Dr. Fenn testifies to more conservative treatment recommendations at trial, then defendants may use this to attack the weight of Dr. Wolfson's testimony.

## III.
## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the *Daubert* Motion [doc. 48] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**