**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **SAMANTHA COLLINS** | **CASE NO. 2:25-CV-00251** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CLEAR SPRING & CASUALTY CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion to Strike [doc. 50] filed by plaintiff Samantha Collins. Defendants oppose the motion. Doc. 61.

### I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred on March 26, 2024, on LA Highway 6063 in Calcasieu Parish, Louisiana. On that date, plaintiff alleges, she was a passenger in a vehicle that was rear-ended by a Peterbilt tractor driven by DeMarco Howard, who was driving in the course and scope of his employment with D. Howard Trucking, LLC. Doc. 1, att. 4, ¶¶ 3–8, 19–20. Plaintiff filed suit in state court against Mr. Howard, the company, and their insurer, Clear Spring & Casualty Co., in state court, raising claims of negligence. *Id.* at ¶¶ 21–25. Defendants removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. The matter is set for jury trial before the undersigned on September 21, 2026. Doc. 20.

The court's scheduling order set the defense expert disclosure deadline for June 8, 2026. On that date, defendants provided a witness list with attached reports for Jeremy

Hoffpauir (accident reconstruction), Dr. Richard Baratta (biomechanical practice), and Dr. Seth Rosezweig (orthopedic surgeon). Doc. 61, att. 2. Defendant also disclosed Jose Salinas as an expert in biomechanical practice with the following:

> Mr. Salinas may testify and render an opinion on the subject collision, the forces involved in the subject collision and the effect, if any, those forces would be expected to have on the human body. He may also offer opinions concerning occupant kinematics, injury mechanisms, the consistency of the claimed injuries with the nature and severity of the collision, and whether the accident forces were sufficient to cause or contribute to the alleged injuries. Mr. Salinas may rely upon medical records, diagnostic studies, photographs, vehicle damage, accident reconstruction data, and other case materials in forming such opinions.

*Id.* at 2. However, defendant only attached a curriculum vitae and testifying history for Mr. Salinas. *Id.*

Plaintiff now brings this motion to strike, seeking to exclude all defense expert witnesses for failure to comply with their expert disclosure and report deadlines under the court's scheduling order. Doc. 50. Specifically, she asserts that all witnesses failed to comply with Rule 26 by timely disclosing their fee and that Salinas also fell short of Rule 26's requirements by failing to provide a separate report. *Id.* Defendants oppose the motion, arguing that both omissions were harmless. Doc. 61.

## II.
## LAW & APPLICATION

### A. Legal Standard

Under the Federal Rules of Civil Procedure, a party must disclose the identity of any expert witness it may use at trial and generally must accompany this disclosure with a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The report

must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." *Id.* at 26(a)(2)(B)(i). Rule 26 does not limit an expert's testimony simply to reading his report. Instead, the rule "contemplates that the expert will supplement, elaborate upon, and explain his report in his oral testimony." *S.E.C. v. Life Partners Holdings, Inc.*, 2013 WL 12076934, at *3 (W.D. Tex. Nov. 8, 2013) (quoting *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006)) (cleaned up). However, a complete report must provide the substance of the testimony the expert will offer along with his reasons. *Denley v. Hartford Ins. Co. of Midwest*, 2008 WL 2951926, at *4 (E.D. La. Jun. 29, 2008) (citing Rule 26 Advisory Committee Note, 1983 Amendments). The purpose of these requirements is to prevent unfair surprise. *Davidson v. Ga. Pacific, LLC*, 2014 WL 36621, at *3 (W.D. La. Jan. 6, 2014). Accordingly, an expert who fails to provide a report complying with Rule 26(a) should not be permitted to testify "unless such failure is harmless." *Life Partners Holdings, Inc.*, 2013 WL 12076934 at *3 (citing Fed. R. Civ. P. 37(c)(1)). To determine whether a violation of Rule 26 is harmless under Rule 37(c), the court considers: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Tex. A & M Research Found. v. Magna Transp., Inc.,* 338 F.3d 394, 402 (5th Cir. 2003).

## B. Application

### 1. Failure to provide fee schedule

Under Federal Rule of Civil Procedure 26(a)(2)(B)(vi), an expert must include with his report a statement of the compensation to be paid for his work in the case. Plaintiff maintains, and defendants do not contest, that defense experts Dr. Baratta, Mr. Hoffpauir, and Dr. Rosezweig did not include a fee schedule with their reports. Plaintiff's counsel sent an email requesting the fee schedules on July 13, 2026, over one month after defendants provided their expert disclosures, and defendants responded eighteen days later. Doc. 50, att. 2; doc. 61, att. 3.

Plaintiff does not show any prejudice from this delayed disclosure. She was able to question Mr. Hoffpauir and Dr. Baratta on their compensation during their respective depositions, which took place on July 7 and 14. *See* doc. 61, atts. 4 & 5. Plaintiff maintains that the untimely disclosure prevented her from "obtain[ing] details regarding these experts' charges [and] financial interests in the case, and cross-reference them with the experts' actual fee schedule." Doc. 72, p. 5. But plaintiff was not prevented from inquiring into these areas during the depositions and will be able to cross-examine the witnesses at trial. If she has found justification based on the untimely disclosed fee schedules, she may request another deposition at defendants' expense. As numerous courts have concluded, however, untimely disclosure of the fee schedule falls short of the prejudice required by Rule 37(c)(1) to justify striking a party's expert witness. *See, e.g.*, *Hayes v. So. Fidelity Ins. Co.*, 2014 WL 5305683, at *15 (E.D. La. Oct. 15, 2014) (failure to provide fee schedules, qualifications, and list of prior testimony); *Ambrose v. State Farm Mut. Ins. Co.*,

2021 WL 2284299, at *3 (E.D. La. Jun. 4, 2021) (failure to include compensation statement); *Bendik v. USAA Cas. Ins. Co.*, 2019 WL 9466018, at *3 (M.D. Fla. Oct. 25, 2019) (failure to provide hourly rate, prior publications, and prior testimony); *Rodi v. Rambosk*, 2015 WL 1910499, at *2 (M.D. Fla. Apr. 27, 2015) (same). Moreover, any prejudice was cured in this matter in sufficient time for plaintiff to conduct additional limited discovery (if needed) without disturbing the trial date. Accordingly, the motion will be denied on this basis.

**2. Failure to provide written report**

Defendants do not contest that Mr. Salinas, as a retained biomechanics expert, was required to provide a written report under Rule 26(a)(2)(B). Instead, they state that the scope of his testimony was revealed in defendants' disclosures and that his opinions "are expected to be consistent with those of Dr. Richard Baratta," who works at the same company as Mr. Salinas and was also disclosed as a defense biomechanics expert. Doc. 61, p. 3. Accordingly, defendants maintain, there was no need for a written report from Mr. Salinas because plaintiff is fully apprised of the nature and scope of his anticipated testimony.

Defendants' assertions do not create an exception to Rule 26(a)(2)(B)'s requirements, and their disclosure did not state that Mr. Salinas's opinions would be duplicative of Dr. Baratta's. Their explanation does not excuse their failure to disclose. Defendants further maintain that additional discovery could cure any Rule 26 violation. But the limited discovery necessary to cure any discrepancies from a late-disclosed fee

schedule is significantly different from that invited by a late report, especially with trial less than a month away and no continuance sought or desired.

"District courts have considerable discretion to exclude untimely disclosed expert witness testimony as a sanction." *Havard v. Offshore Specialty Fabricators, LLC*, 2019 WL 8643740, at *2 (E.D. La. May 8, 2019) (citing *Bradley v. United States*, 866 F.2d 120, 124 & n. 7 (5th Cir. 1989)). The exclusion of Mr. Salinas's testimony carries minimal prejudice for defendants, because Dr. Baratta is expected to offer opinions consistent with Mr. Salinas's findings. Allowing Mr. Salinas to testify, on the other hand, would both excuse defendants' noncompliance with the scheduling order and either require significant additional discovery from plaintiff on the eve of trial or force a continuance. The court thus determines that exclusion is warranted and will grant the motion in this regard.

## III.
## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Strike [doc. 50] be **DENIED IN PART** and **GRANTED IN PART**. Accordingly, Dr. Richard Baratta, Mr. Jeremy Hoffpauir, and Dr. Seth Rosezweig will be permitted to testify but plaintiff may re-depose Dr. Baratta and Mr. Hoffpauir on their fee schedules, at defense's expense, if she finds justification based on the late disclosures. **IT IS FURTHER ORDERED** that Jose Salinas be excluded from testifying as an expert witness in this matter.

**THUS DONE AND SIGNED** in Chambers on the 24th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**